IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>LIGHTSPEED POS INC.,<br>*Defendant.* | CASE NO. 6:21-CV-01102 |

**ORDER DENYING LIGHTSPEED POS INC.'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

The Court considers Lightspeed POS Inc.'s ("Lightspeed") Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of All Asserted Claims of U.S. Patent Nos. 9,400,640, 10,083,012, and 11,226,793 filed on November 15, 2022. ECF No. 51. Plaintiff CloudofChange, LLC ("CoC") filed a response on November 28, 2022. ECF No. 53. Lightspeed filed a reply in support of its motion on December 5, 2022. ECF No. 55. The Court heard argument on the motion on December 20, 2022. ECF No. 57. This order memorializes the Court's ruling.

**I. BACKGROUND**

CoC filed this Action in October 2021, alleging that Lightspeed infringes on U.S. Patent Nos. 9,400,640 ("'640 Patent") and 10,083,012 ("'012 Patent"). ECF No. 1 ¶ 1. CoC later amended its complaint in May 2022 also alleging willful infringement of U.S. Patent No. 11,226,793 ("'793 Patent") (collectively, the "Asserted Patents"). ECF No. 30 ¶ 1. Lightspeed answered CoC's Original Complaint in December 2021 and CoC's First Amended Complaint in May 2022. ECF No. 10; ECF No. 32. The Court entered a claim construction order on September 16, 2022, ECF

1

No. 47, and the parties began discovery in September 2022 which closed in April 2023, ECF No. 31 at 3. Trial is set for September 20, 2023. ECF No. 31 at 4.

Lightspeed petitioned the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR") of the Asserted Patents. ECF No. 51 at 1. In each IPR, CoC submitted Patent Owner Preliminary Response ("POPR") and expert declaration challenging Lightspeed's invalidity grounds and opposing institution. *Id.* at 3. The PTAB instituted review of Lightspeed's IPRs against all claims and on multiple distinct grounds. *Id.* at 1. On November 15, 2022, Lightspeed filed this Motion, requesting that the Court stay this Action pending the PTAB's *inter partes* review of the Asserted Patents. ECF. No. 51.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Court has discretion in deciding whether to stay a case. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, 6:20-cv-00317-ADA, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intel., LLC v. Millennial Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

In determining whether a stay pending a PTO proceeding is proper, a district court will consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Kirsch Rsch.*, 2021 WL 4555610, at *1. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

#### A.   *Factor 1: The Stay Will Unduly Prejudice CoC*

The first factor this Court considers is whether the stay will unduly prejudice CoC. Lightspeed contends that any harm CoC might suffer from a stay would be *de minimis* because a stay would not affect CoC's interest in receiving monetary damages. ECF No. 51 at 9. Lightspeed also argues that any prejudice CoC might suffer is reduced because of CoC's diligence in seeking the stay. *Id.* Lightspeed claims that CoC sat on its rights "for more than five years after the '640 Patent issued and almost two years after CoC sued NCR Corporation" before suing Lightspeed in 2021. *Id.* CoC argues that a stay of the litigation would unduly prejudice CoC because CoC has "an interest in the timely enforcement of its patent rights." ECF No. 53 at 3.

A stay would unduly prejudice CoC for at least two reasons. First, a stay risks the "loss of evidence as witnesses become unavailable and memories fade." *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010). In this case, the statutory deadline for the PTAB to issue all of three final written decisions is November

3

10, 2023. ECF No. 51 at 2. In that time frame, documentary and testimonial evidence may be lost. *Allvoice Devs. US, LLC*, 2010 WL 11469800, at *4.

This Court denied a motion to stay pending IPR in another case on similar grounds. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *1 (W.D. Tex. June 27, 2022) [hereinafter *LG*]. This Court wrote, "[s]ome factors may diminish [the risk of loss of valuable evidence], like where the requested stay is of a brief and definite duration." *Id.* at *2. As in that motion, the mitigating factor is absent here. The statutory deadline for the PTAB to issue the last final written decision on Lightspeed's petitions is not until November 10, 2023, and it can be delayed for another six months to May 10, 2024—not taking into account possible appeal time. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c). Therefore, staying the case could result in a significant delay. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

Another risk-mitigating factor this Court considered in *LG* was whether "the proceeding to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former." *LG*, 2022 WL 2307475, at *2. Due to the limited scope—determinations made based on prior art alone—and minimal discovery of IPRs, this factor typically is not implicated in a motion to stay pending IPR. *Id.* (citing 35 U.S.C. § 311(b) (providing the limited scope of validity challenges in an IPR petition) and 37 C.F.R. § 42.51 (providing the limited scope of IPR discovery)).

Second, CoC "has an interest in the timely enforcement of its patent right." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (quoting *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-

4

00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed.") (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970)). However, a plaintiff seeking only monetary relief can diminish this prejudice. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute ***undue*** prejudice") (emphasis added). "[W]hen granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. Apr. 7, 2021) (quoting *Clark v. Southwest Airlines Co.*, No. 1:16-CV-190-RP, 2017 WL 1435762, at *2 (W.D. Tex. Apr. 21, 2017)).

Accordingly, this factor weighs against granting a stay.

### B.    *Factor 2: The Stage of Proceedings Disfavors a Stay*

The second factor this Court considers is whether these proceedings have reached an advanced stage. If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031-32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5– 6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant

resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion."). Here, the Court has issued a claim construction order, ECF No. 48, and fact discovery opened on September 22, 2022, ECF No. 51 at 1. The trial has been set for September 20, 2023. ECF No. 53 at 6. Because the Court and the parties have expended significant resources in this case, the Court finds this factor weighs against a stay.

C.     **Factor 3: Simplification of Issues**

Finally, the Court considers whether the stay will likely result in a simplification of the case. The most important factor in determining whether to grant a stay is whether the reexamination proceeding will result in simplification of issues before the Court. *Kirsch Rsch.*, 2021 WL 4555610, at *1; *NFC Tech.*, 2015 WL 1069111, at *4. As courts within the Fifth Circuit have held:

> Congress's purpose in creating an *inter partes* review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed. Giving the agency the authority to consider the validity of patents in the *inter partes* review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.

*NFC Tech.*, 2015 WL 1069111, at *4. Under this factor, the Court generally considers (1) the scope of the estoppel the movant is bound by and (2) the strength of the relevant IPR petitions.

For the scope of the estoppel, Lightspeed stipulates and agrees to be bound by the full scope of estoppel under 35 U.S.C. § 315(e). ECF No. 55 at 4. Lightspeed will be estopped from challenging the validity of the asserted claims "on any ground that the petition raised or reasonably could have raised" during the IPRs. 35 U.S.C. §315(e). But Lightspeed "can still challenge in this Court the validity of the asserted claims on other grounds, especially those grounds that rely on

6

system prior art, which could not be relied on during IPRs." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-cv-00555-ADA, 2021 WL 6201200, at *2 (Aug. 5, 2021).

As for the strength of the relevant IPR petitions, Lightspeed argues that this factor favors a stay "[b]ecause Lightspeed's IPRs include multiple independent grounds of invalidity for each Asserted Claim." ECF No. 51 at 7. Further, Lightspeed argues that "the PTAB preliminarily agreed with CoC's position on only one issue in one ground of one IPR, and the PTAB agreed with Lightspeed on all other preliminary disputes addressed at the institution phase." *Id.* at 4. Lightspeed argues that "even if the [] IPRs do not fully resolve this case, a stay would nonetheless simplify the issues." *Id.* at 7. In response, CoC argues that Lightspeed's assumption that the IPRs will simplify the issues for trial is "conclusory and unsubstantiated." ECF No. 53 at 5. CoC argues that the PTAB's final written decisions in Lightspeed's IPRs will not necessarily resolve the issues between the parties. *Id.* at 6.

Without a doubt, this case would be simplified if the PTAB found all of the asserted claims unpatentable. While Lightspeed could succeed before the PTAB, this Court has recognized that in two out of three outcomes, an IPR Final Written Decision fails to resolve the issues between the parties. *See LG*, 2022 WL 2307475, * 4. Only three outcomes are relevant to simplify the issues: all the asserted claims fall; all the asserted claims survive; or some of the asserted claims survive. *Id.* While the IPR may simplify the issues, it also may invalidate only select claims of the Asserted Patents, leaving the remaining claims pending in this Court. "In order to simplify issues in this case all 21 Claims must fall." ECF No. 53 at 6. The Court is not convinced that is a likely outcome in this case.

For those reasons, the Court finds this factor does not weigh in favor of a stay.

## IV. CONCLUSION

The Court concludes that no factor weighs in favor of a stay. If a stay were instituted, CoC would be prejudiced by delay of this trial, and the advanced stage of this action weighs against delaying resolution of this matter. Because at least two of the factors weigh against granting a stay and no factor weighs against a stay, the Court **DENIES** Defendant's Motion to Stay Pending *Inter Partes* Review**.**

**SIGNED** this 15th day of May, 2023.

							_____
							ALAN D ALBRIGHT
							UNITED STATES DISTRICT JUDGE